## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID CAREY                                              *
11793 Frederick Road
Ellicott City, MD  21042                                *

And                                                     *

LEE'S MARINE SERVICES, LLC                              *
109 Bayside Drive
Dundalk, MD 21222                                       *

     Plaintiffs,                                      *

v.                                                      *       CIVIL ACTION NO.

FREEDOM 40, her necessaries, materials                  *
appurtenances, improvements, *etc.*, *in rem*,
                                                        *
and
                                                        *
EAST COAST HOUSEBOATS
1258 Crystal Lake Road                                  *
Hancock, New York 13783
                                                        *
and
                                                        *
MODULAR CONCEPTS EAST, INC.,
individually, and d/b/a EAST COAST                      *
HOUSEBOATS
Serve on: Resident Agent                                *
American Incorporators, Ltd.
1013 Centre Road, Suite 403-A                           *
Wilmington, Delaware, 19805
                                                        *
     Defendants.
                                                        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WARRANT OF ARREST AND MARITIME ATTACHMENT AND GARNISHMENT

Plaintiffs David Carey and Lee's Marine Services, LLC ("Plaintiffs"), by and

through their undersigned attorneys, Meighan G. Burton, Kameron B. Millar, and

1

Semmes, Bowen & Semmes, files this Verified Complaint against Defendants *in personam* East Coast Houseboats ("East Coast"), and Modular Concepts East, Inc., individually, and/or d/b/a East Coast Houseboats ("Modular"), jointly and severally, and Defendant *in rem*: The Freedom 40 houseboat, her equipment, appurtenances, improvements, furniture, *etc.*, Hull ID# ACT21408K424 (hereinafter the "Vessel"), and states as follows:

### Jurisdiction and Venue

1.	This is an action within this Court's admiralty jurisdiction under 28 U.S.C. § 1333 and involves a maritime lien foreclosure action to collect damages for necessaries under 46 U.S.C. 31301, et seq. It is an admiralty or maritime claim within Fed. R. Civ. P. 9(h) and Rule C of the Supplemental Rules for Admiralty or maritime Claims and Asset Forfeiture Actions and Local Admiralty Rule C.

2.	This Court also has jurisdiction under 28 U.S.C § 1332 as there is diversity between Plaintiff and Defendants.

3.	Venue is proper in this District because the Vessel will be served with process in this District.

### The Parties

4.	Plaintiff Lee's Marine Services, LLC is a limited liability company organized and existing pursuant to the laws of the State of Maryland, with a principal place of business located at 109 Bayside Drive, Dundalk, Maryland 21222.

5.	Defendant East Coast, upon information and belief, is a corporation with a principal place of business located at 1258 Crystal Lake Road, Hancock, New York 13783.

6.	Defendant Modular, individually, and/or d/b/a East Coase Houseboats, is a corporation organized and existing pursuant to the laws of the State of Delaware, with

its registered agent, American Incorporators, Ltd., located at 1013 Centre Road, Suiter 403-A, Wilmington, Delaware, 19805.

7.     The Freedom 40 ("Vessel") is a 40' by 13'9" Houseboat constructed by East Cost and/or Modular. The Vessel is within the District of Maryland. The Vessel is further depicted and described by this Photograph:



**THE FREEDOM 40 & FACTS COMMON TO ALL COUNTS**

8.     Initially, Plaintiffs and Defendant East Coast and/or Modular entered into a contract under which Plaintiff agreed to purchase the Vessel, and Defendant East Coast created a proposal for construction of the Vessel to be sold to Plaintiff.

9.     Subsequently, Plaintiffs and Defendants met in Annapolis, modified the contemplated transaction and entered into a partnership and/or business venture

3

agreement, under which agreement the parties agreed to promote and market the Vessel and similar models for the benefit of the Defendants. Pursuant to that Agreement, Plaintiff was to serve as the exclusive dealer for East Coast Houseboats in the Chesapeake Bay region. All sales were to be directed to Plaintiffs and sales split between the parties.

10.     Thereafter, in reliance upon that business agreement, Plaintiffs did market, model, display, and show the Vessel in order to generate local interest in East Coast's houseboats in the Chesapeake Bay area. Plaintiffs incurred significant expenses for the marketing and promotion of the Vessel, and in connection therewith, provided services and necessaries to the Vessel, including but not limited to, a down payment on the purchase price, and delivered and installed furniture, appliances, fixtures, appurtenances, materials, and other necessaries to and for the benefit of the Vessel and Defendants.

11.     In reliance upon the agreements between the parties, Plaintiffs incurred costs in connection with the provision of services and necessaries to the Vessel for the benefit of the Vessel and to the benefit of Defendants, including, but not limited to, a deposit of $30,000, $8,000 for cabinets, $5,000 for installation of a custom decorative fireplace with a wood paneled wall, $7,000 for appliances installed on the Vessel, $13,000 for furniture, cabinet hardware, and decorations supplied to the Vessel, $8,000 in event fees to display the Vessel at a boat show in Annapolis, Maryland, $2,500 in boat show expenses, towing to and from Annapolis, and three days of staffing, $5,500 for slip rental fees to display the Vessel, and $2,500 for production of a promotional video and other marketing content, which expenses total approximately $81,500.00 paid for by Plaintiffs.

12.     Plaintiffs also provided over $25,000 in gift cards to prospective buyers to dine at FairLee's or JelLeefish Joel's, restaurants located where the Vessel was on display, to promote customers to visit the Vessel.

13. Until approximately two days ago, Plaintiffs had possession of the Vessel with the consent and authorization of Defendants. Upon information and belief, approximately two days ago, Defendants took the Vessel to Middle River Landing Marina, located at 1901 Old Eastern Avenue, Essex, Maryland, within this District.

14. As the result of Defendants' breaches, Plaintiffs have incurred damages which are at this time estimated to exceed $81,500.00 and may continue to accrue.

**COUNT I**
**(AGAINST VESSEL *IN REM*)**
**LIEN FORECLOSURE ACTION UNDER TITLE 46 U.S.C § 31301, *et seq.***

15. Plaintiffs reallege the above paragraphs of the Verified Complaint as if fully set forth herein.

16. Plaintiffs invested in, paid for, and otherwise provided benefits and necessaries for the benefit of the Vessel and Defendants East Coast and Modular.

17. Plaintiffs are owed the total sum of at least $81,500.00, for necessaries provided to the Vessel.

18. Defendant Vessel and its owners Defendants East Coast and Modular have failed to pay for these necessaries.

19. Plaintiffs are entitled to recover from the *in rem* Defendant Vessel the total sum of at least $81,500.00, plus pre-judgment interest, *custodia legis* expenses for the Vessel while it is under arrest, and the costs of this proceeding which include, but are not limited to, the U.S. Marshal's fees and Court filing fees.

**COUNT II**
**(Against Defendants East Coast and Modular)**
**Breach of Maritime Contract**

20. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

21.    There exists one or more maritime contracts between Plaintiffs and Defendants, namely, a contract for the purchase of the Vessel, and, a contract for the promotion, marketing and sale of the Vessel and similar vessels throughout the Chesapeake Region.

22.    Defendants East Coast and Modular have, jointly or severally, breached their maritime contracts with Plaintiffs by failing to pay for services and necessaries supplied to the Vessel, by failing to consummate the purchase and/or joint venture agreement between the parties, by surreptitiously taking possession of the Vessel without Plaintiffs' consent or authorization, and by otherwise breaching the agreements between Defendants and Plaintiffs as stated herein above or as to be identified through discovery.

23.    By virtue of the Defendants' (individually or collectively) breaches of the contract, Plaintiffs have incurred losses and damages estimated in excess of $81,500.00, and which losses and damages continue to accrue.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.    That a warrant issue for the arrest of the Vessel and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

B.    That Plaintiffs be decreed to have a maritime lien *in rem* upon the Vessel, and other necessaries thereunto appertaining and belonging, and that such a lien be foreclosed in accordance with the law and thereupon that the vessel be condemned and sold in payment;

C.    That upon proper notice and hearing, judgment be entered against Defendant Vessel, *in rem*, for the aforementioned damages in the amount of $81,500.00 or as may be determined, plus pre-judgment interest, *custodia legis* expenses,

U.S. Marshal's fees and expenses, attorneys' fees, and other recoverable litigation costs;

D.      That Plaintiffs be permitted to credit bid the amount of the judgment or lien against the Vessel at any U.S. Marshal's sale;

E.      That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to any person, firm, or corporation who has recorded a notice of claim of an undischarged lien upon the Vessel;

F.      That this Court enter judgment against Defendants East Coast Houseboats, and Modular Concepts East, Inc., individually, and/or d/b/a East Coast Houseboats in the amounts stated herein above or as may be determined at trial; and

G.      That this Honorable Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

*/s/ Meighan G. Burton*
Meighan G. Burton (Fed. Bar # 28022)
*/s/ Kameron B. Millar*
Kameron B. Millar (Fed. Bar # 31416)
Semmes, Bowen & Semmes
250 West Pratt Street, Suite 1900
Baltimore, Maryland 21201
Phone: (410) 539-5040
Facsimile: (410) 539-5223
mburton@semmes.com
kmillar@semmes.com

*Attorneys for Plaintiffs David Carey and Lee's Marine Services, LLC*

7

## VERIFICATION

Plaintiff David Carey, individually and as an authorized member/owner of Lee's Marine Services, LLC, being duly sworn, deposes and says:

I am the owner of Lee's Marine Services, LLC, one of the Plaintiffs herein. I have read the foregoing Complaint and know the contents thereof to be true based upon my own personal knowledge, except as to the matters therein stated above as known upon information and belief, and as to those matters, they are known to me to be true to the best of my knowledge, information and belief.

[SIGNATURE ON FOLLOWING PAGE]

the Plaintiffs herein. I have read the foregoing Complaint and know the contents thereof to be true based upon my own personal knowledge, except as to the matters therein stated above as known upon information and belief, and as to those matters, they are known to me to be true to the best of my knowledge, information and belief.

David Carey, Individually and as authorized officer/agent of Lee's Marine Services, LLC

Dated June 12, 2026