**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

DAVID CAREY, *et al*. *

*Plaintiffs* *

v. * Case No.: 1:26-cv-02374-BAH

FREEDOM 40, her necessaries, materials appurtenances, improvements, *etc., in rem,* *

*

and *

EAST COAST HOUSEBOATS, *et al*. *

*Defendants* *

* * * * * * * * * * * * *

## ***EMERGENCY*** **MOTION FOR RELEASE FROM ARREST OF VESSEL FREEDOM 40**

Per Supplemental Rules for Admiralty and Maritime Claims E(4)(f), Defendant Modular Concepts East, Inc. d/b/a East Coast Houseboats ("Modular"), as owner of the Defendant *in rem* Vessel Freedom 40 (the "Boat"), files this *Emergency* Motion for Release from Arrest of Vessel Freedom 40 (the "Motion"), and states:

## ARGUMENT

1. On June 15, 2026, this Court entered an Order for Issuance of a Warrant of Arrest Pursuant to Admiralty Rule C and issued a Warrant for Arrest *in rem* of the Boat [ECF 7, 9].

2. On July 29, 2026, Modular filed a Statement of Interest with the Court, asserting its outright ownership interest in the Boat, including her necessaries, materials, appurtenances, improvements, and all other property associated therewith [ECF 17].

3. On June 6, 2026, a Certificate of Origin was issued to Modular. The Boat, Hull Identification No. #ACT21408K424, is owned by Modular.

4. Per Supplemental Rules for Admiralty and Maritime Claims E(4)(f), Modular, as a person claiming an interest in the Boat, is entitled to a prompt hearing at which Plaintiffs bear the burden of demonstrating why the arrest should not be vacated.

5. Specifically, "If the Court orders attachment, then 'any person claiming an interest in [the property] shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated.'" *Harbor Pilots of NY NJ, LLC v. Bouchard Transportation Co., Inc.*, 474 F. Supp. 3d 727, 730 (D. Md. 2020) (quoting Fed. R. Civ. P. Supp. R. E(4)(f)).

6. Modular's position is twofold. First, this Court lacks jurisdiction over Plaintiffs' claims. The Court lacks admiralty jurisdiction because the Agreement to construct and sell the Boat is at the heart of Plaintiffs' claims and does not constitute a maritime contract. Moreover, the Agreement contains an express forum-selection clause requiring disputes arising thereunder to be brought in designated New York courts, not this Court. Second, Plaintiffs have failed to establish probable cause for the arrest of the Boat, which is owned outright by Modular.

**A. This Court Lacks Jurisdiction.**

7. The parties entered into a written agreement for the construction of the Boat (the "Agreement"). The Agreement is annexed at Exhibit A. *See* Ex. A.

8. The Boat, which is subject to this *in rem* action, was delivered to Plaintiffs in anticipation of promised payment per the Agreement. Plaintiffs failed to comply with the terms set forth in the Agreement. *See id*.

9. In their Verified Complaint, Plaintiffs allege that the Agreement for Plaintiffs' purchase of the Boat constitutes a maritime contract [ECF 1]. This is incorrect.

10. Under 28 U.S.C. § 1333, United States District Courts have original and exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1).

11. Nevertheless, "[i]t is well-established that a contract to build a vessel, or a contract for the sale of a vessel, is **not** a maritime contract and, therefore, fails to establish maritime jurisdiction." *Fawzy v. Wauquiez Boats SNC*, No. CV RDB-16-3363, 2016 WL 6031940, at *3 (D. Md. Oct. 14, 2016) (emphasis added).

12. In *Flota Maritima Browning de Cuba v. Snobl*, 363 F.2d 733 (4th Cir. 1966), the Fourt Circuit affirmed this principle: "the prevailing rule has been that a contract for the sale of a ship is **not** a maritime contract." *Id.*; *see also Steele*, 508 F. Supp. 3d at 6 (emphasis added).

13. Consistent with this rule, "[a]dmiralty will not entertain suits where the substantive rights of the parties flow from a contract to sell or construct a vessel." *Steele v. Sailing Vessel "Polaris"*, 508 F. Supp. 3d 1, 7 (D. Md. 2020).

14. Here, the Agreement is for Modular to "construct a 40' LOA x 13'9" Beam Houseboat," with Modular agreeing "to perform all work in accordance with standards of competence and professionalism" and Plaintiffs agreeing "to adhere to the above payment schedule." *See* Ex. A. Accordingly, the Agreement is "a contract to sell or construct a vessel" that does not give rise to admiralty or maritime jurisdiction. *Steele,* 508 F. Supp. 3d 1, 7 (D. Md. 2020).

15. Plaintiffs do not assert any ownership interest in the Boat independent of the Agreement, which they breached through nonpayment. Indeed, Plaintiffs' grievance appears to be that their possession of the Boat, which they had "with the consent and authorization of Defendants," was terminated when Defendants revoked their consent and authorization following Plaintiffs' breach of their Agreement to purchase the Boat [ECF 1].

16. Plaintiffs' claimed rights in the Boat thus arise entirely from the Agreement and their alleged entitlement to possess the Boat thereunder. Accordingly, this the above-captioned action "flow[s] from a contract to sell or construct a vessel," and therefore does not fall within admiralty or maritime jurisdiction. *Steele*, 508 F. Supp. 3d at 7.

17. Moreover, the parties have a contractual agreement governing the forum for any disputes arising out of the Agreement, and that provision does not include the United States District Court for the District of Maryland. *See* Ex. A. Plaintiffs' own Verified Complaint makes clear that their claims arise from and depend on "a contract for the purchase of the [Boat]." [ECF 1].

18. The Agreement expressly provides that any dispute arising thereunder shall be "filed and heard" exclusively in the Supreme Court of the State of New York, county of Delaware, or the United States District Court for the Northern District of New York. *See* Ex. A.

19. Because Plaintiffs' claims arise from an agreement to construct and purchase a vessel, this Court lacks admiralty or maritime jurisdiction under 28 U.S.C. § 1333. Even if Plaintiffs could establish admiralty or maritime jurisdiction, they expressly agreed that disputes arising from the Agreement would be "filed and heard" exclusively in the Supreme Court of the State of New York, county of Delaware, or the United States District Court for the Northern District of New York. Thus, the arrest of the Boat should be vacated.

**B. Plaintiffs Lack Probable Cause for the Arrest of the Boat.**

20. Plaintiffs cannot meet the probable cause standard for the arrest of the Boat.

21. Per the Notes of Advisory Committee on Rules 1985 Amendment, "Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner [sic] a prompt post-seizure hearing at which he can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings."

22. At the hearing, 'the plaintiff has the burden of showing probable cause for the arrest.'" *Steele*, 508 F. Supp. 3d at 6 (quoting *Amstar Corp. v. S/S Alexandros T.*, 664 F.2d 904, 912 (4th Cir. 1981)); *see also Newport News v. S.S. Independence*, 872 F. Supp. 262, 265 (E.D. Va. 1994).

23. Plaintiffs' alleged claim to the Boat lies within an Agreement to purchase the Boat that is contingent on their payment, which they have not paid, cannot show they have paid, and have missed the deadline to pay despite multiple extensions and promises to pay.

24. On August 12, 2025, Plaintiffs were contacted by email and reminded of their promise to pay for the boat in full by May 15, 2025. Plaintiffs had requested extensions of the payment deadline, first to May 30, 2025, then to June 30, 2025, and finally to July 30, 2025. Modular granted each requested extension.

25. On August 13, 2025, Plaintiffs acknowledged that they had failed to meet each of the payment deadlines they had specified and promised.

26. Plaintiffs represented that they would pay $25,000 on or before August 27, 2025, with the remaining balance to be paid during the week of Labor Day.

27. The email communications referenced above are annexed hereto as Exhibit B. *See* Ex. B. Plaintiffs failed to meet each of the payment deadlines reflected therein.

28. A Certificate of Origin was issued to Modular. *See* Ex. C. The Boat, Hull Identification No. #ACT21408K424, is owned solely by Modular.

29. Plaintiffs have no legitimate ownership interest or legal interest in the Boat. Ownership of the Boat was never transferred to Plaintiffs.

30. Plaintiffs made minimal, if any, improvements to the Boat, and any such improvements were not authorized or agreed to by the owner of the Boat.

31. There was never any joint venture between the parties in connection with the Boat.

32. Other than the Agreement which they have breached via nonpayment, Plaintiffs cannot identify any other documentation that could establish any claim to, or right to possess, the Boat. Thus, the arrest of the Boat should be vacated.

**CONCLUSION**

WHEREFORE, Defendant Modular Concepts East, Inc. d/b/a East Coast Houseboats respectfully requests that the Court vacate the arrest of Freedom 40, that the Court order the return of Freedom 40 to Modular, and that the Court order Plaintiff to pay all costs and expenses associated with the arrest, transportation, storage, and return of Freedom 40, including the attorney's fees and expenses incurred by Modular, and that Modular be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jan I. Berlage

Jan I. Berlage (23937)
Gohn Hankey & Berlage LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
410-752-9300
410-752-2519 (fax)
jberlage@ghsllp.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th of August, 2026, a copy of Defendant's *Emergency* Motion for Release from Arrest of Vessel Freedom 40 and its supporting exhibits, along with a copy of this Certificate of Service, were served via CM/ECF to:

Kameron B. Millar, Esq.
Meighan G. Burton, Esq.
Semmes, Bowen & Semmes PC
250 W. Pratt Street
Suite 1900
Baltimore, MD 21201
kmillar@semmes.com
mburton@semmes.com

/s/ Jan I. Berlage
Jan I. Berlage (23937)